UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDRES CAWARD,<br>Petitioner,<br>v.<br>RUSSELL ROSS,[1]<br>Respondent. | Case No. 1:26-cv-00073-BLW<br>(lead case)<br><br>**SUCCESSIVE REVIEW ORDER** |
| ANDRES CAWARD,<br>Petitioner,<br>v.<br>RUSSELL ROSS,<br>Respondent. | Case No. 1:26-cv-00213-BLW<br>(consolidated case) |

Petitioner Andres Caward has filed an Amended Petition for Writ of Habeas Corpus challenging his state court convictions. *See* Dkt. 14. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

[1] Russell Ross is substituted for his predecessor, Tyrell Davis, as warden of the facility in which Petitioner is confined. *See* Dkt. 14 at 1; Rule 2(a) of the Rules Governing § 2254 Cases; Fed. R. Civ. P. 25(d).

## REVIEW OF AMENDED PETITION

### 1. Standard of Law for Review of Petition

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

### 2. Discussion

In the Third Judicial District Court in Canyon County, Idaho, Petitioner was convicted of possession of a controlled substance and introduction of contraband into a correctional facility. Petitioner was sentenced to a unified term of seven years in prison with three years fixed. Petitioner did not file a direct appeal. Though he later filed a state post-conviction petition, he did not appeal the dismissal of that petition. *Am. Pet*., Dkt. 14 at 1–3.

In his Amended Petition for Writ of Habeas Corpus, Petitioner brings a Fourth Amendment claim, an ineffective assistance of counsel claim, and two due process claims. *Id*. at 6–9.

A petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in

the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner's claims are procedurally defaulted for failure to file appeals in state court or whether an excuse for such a default exists. The Court will order the Clerk of Court to serve the Amended Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Amended Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.[2]

---

[2] Though the Court will not dismiss any claims at this time, Petitioner's Fourth Amendment claim may be barred by the doctrine of *Stone v. Powell*, 428 U.S. 465, 494 (1976). *Stone* held that, so long as a petitioner had a full and fair opportunity to raise his Fourth Amendment claim in state court, a federal court cannot grant habeas relief on the ground that evidence was obtained in violation of the Fourth Amendment. Fourth Amendment claims are also noncognizable in federal habeas cases if the petitioner pleaded guilty in state court. *Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized.").

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 14), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will deny the request for appointment of counsel. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motions for Appointment of Counsel (Dkt. 14 at 11 in No. 1:26-cv-00073-BLW, and Dkt. 4 in No. 1:26-cv-00213-BLW) are DENIED without prejudice.

2. The Clerk of Court will serve (via ECF) a copy of the Amended Petition (Dkt. 14), along with any attachments, on Deputy Attorney General Mark

William Olson, on behalf of Respondent, at Mr. Olson's registered ECF address.

3. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may order the parties to brief the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

4. Respondent must file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the Amended Petition contains any sentencing claims—must be filed under seal. It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

5. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

6. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

7. In the response to the habeas petition, whether a motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. For example, although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

8. If any of Petitioner's claims are currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

9. No party may file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

10. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

11. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

12. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means

that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

13. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

14. Petitioner must at all times keep the Court and Respondent advised of any change in address.

15. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: September 28, 2026

B. Lynn Winmill
U.S. District Court Judge